IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH W. LONG, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF DOWNINGTOWN, et al. | : | NO. 13-3921 |

**MEMORANDUM AND ORDER**


FILED
FEB -7 2014
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

ELIZABETH T. HEY, U.S.M.J.                              January 31, 2014

In this civil rights action, Plaintiff brings claims of false arrest, excessive force, unlawful search and seizure, malicious prosecution, and related state law claims, as well as conspiracy, against the Borough of Downingtown, Police Chief James McGowan, and Patrol Officer (formerly Detective) Pamela Fentner (collectively "Borough Defendants"), among others. Presently before the court is the Borough Defendants' motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the motion will be granted in part and denied in part, and Plaintiff shall have 14 days from the date of the Order in which to file a Third Amended Complaint consistent with this Memorandum.[1]

I.    **FACTUAL BACKGROUND**

The Amended Complaint alleges the following facts. Plaintiff is a resident of Downingtown, Pennsylvania, and is a veteran who has never been in trouble with the

---

[1] Plaintiff filed a Second Amended Complaint, attempting to add Plaintiff's wife as a Plaintiff, as well as additional claims and allegations. See Doc. 13. The Honorable William H. Yohn (to whom the case was assigned prior to the parties consenting to proceed before me) issued an Order striking the Second Amended Complaint for failing to obtain Defendants' consent or leave of court. See Doc. 14.

law. Amended Compl. (Doc. 2) ¶¶ 3, 15. On or about September 27, 2011, Plaintiff was arrested by Defendant Fentner and charged with three counts of theft by deception, receiving stolen property, and two counts of unsworn falsifications to authorities. Id. ¶ 5, 11, 12. Plaintiff was innocent of the charges. Id. ¶ 13. Fentner filed the criminal charges against Plaintiff "as a result of a personal vendetta against Carla Long, Plaintiff's wife, for reporting . . . Fentner for sleeping on duty." Id. ¶ 25. Prior to the arrest, Fentner contacted Defendants Scott Duffey and Bruce Hill, who Plaintiff identifies as employees of the Federal Emergency Management Authority ("FEMA"), regarding a claim Plaintiff and his wife had submitted to FEMA for property damage related to a recent storm. Id. ¶¶ 8-9, 26-31. Access to FEMA records requires the written authorization of the relevant chief law enforcement officer, who at the time was Defendant McGowan. Id. ¶¶ 6, 30.

The Honorable William Mahon, Court of Common Pleas of Chester County, subsequently dismissed all charges against Plaintiff. Amended Compl. ¶ 14. As a result of the charges, Plaintiff lost his job and suffered various emotional damages, including embarrassment and severe mental and emotional distress. Id. ¶¶ 16-17.

The Amended Complaint asserts four causes of action. The First Cause of Action seeks relief against the individual and municipal defendants pursuant to 42 U.S.C. § 1983 arising from defendants' actions, committed under color of state law, which allegedly deprived Plaintiff "of his right to be free from unreasonable and excessive force, and unlawful search and seizure, unlawful arrest, malicious prosecution, to be secure in his person and property and to due process of law" in violation of the First, Fourth and Fourteenth Amendments. Amended Compl. ¶¶ 19, 21.

The Second Cause of Action asserts supplemental state law claims against the individual defendants for assault, battery, false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress. Id. ¶ 33. The Third Cause of Action asserts the identical supplemental state law claims, as well as abuse of process, against Fentner individually, and also alleges that Fentner's actions were willful, reckless and malicious. Id. ¶¶ 35-36. The Fourth Cause of Action asserts a civil conspiracy claim against all individual defendants. Id. ¶¶ 38-46.

Borough Defendants have moved to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). See Doc. 10. In his response to the motion, Plaintiff withdraws his federal and state law claims of excessive force and assault and battery, as well as his claims for intentional infliction of emotional distress and abuse of process. See Doc. 21 at 11-13.[2] Plaintiff otherwise argues that the allegations in the Amended Complaint are sufficient to survive Borough Defendants' motion.[3]

## II.  STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension

---

[2] Page numbers refer to the ECF pagination.

[3] The Amended Complaint also alleges claims against FEMA employees Scott Duffey and Bruce Hill. These claims are not currently at issue. Plaintiff previously withdrew claims against Defendant Francis X. Taraschi, Sr. See Docs. 11 & 12.

3

Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to set forth "a short and plain statement of the claim" which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a mere possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Thus, the court will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level.'" West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

### III. DISCUSSION

#### A. First Cause of Action: Federal Claims Pursuant to Section 1983

The Amended Complaint asserts claims for violation of Plaintiff's First, Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. See Amended Compl. ¶ 19. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote omitted) (citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)). Consequently, in order to state a claim for relief pursuant to section 1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Id. (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999), and Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

##### 1. First Amendment

Borough Defendants argue that the Amended Complaint is devoid of any description as to how Plaintiff's First Amendment rights were violated, and that in the absence of any allegation that he was engaged in any First Amendment protected activity or that any such activity was a moving force behind his arrest, he has failed to state a claim upon which relief may be granted. See Doc. 10-1 at 3-4. Plaintiff counters that the Amended Complaint identifies the protected speech which was the moving force behind his arrest, namely his wife's report that Defendant Fentner was sleeping while on duty. See Doc. 21 at 9; Amended Compl. ¶ 25.

5

Law enforcement actions which retaliate against persons for criticizing the police or challenging their authority violate the First Amendment and are actionable under section 1983. See, e.g., Bradshaw v. Twp. of Middletown, 145 Fed. Appx. 763, 766-67 (3d Cir. 2005) (section 1983 provides a cause of action when a state actor retaliates against an individual for engaging in conduct protected by the First Amendment); McCurdy v. Montgomery Co., 240 F.3d 512, 520 (6th Cir. 2001) (remanding for determination whether arrest was motivated by desire to retaliate against defendant's assertion of First Amendment rights); Duran v. City of Douglas, 904 F.2d 1372, 1378 (9th Cir. 1990) ("[G]overnment officials in general, and police officers in particular, may not exercise their authority for personal motives, particularly in response to real or perceived slights to their dignity.") However, the Amended Complaint avers that it was Plaintiff's wife who reported Defendant Fentner asleep on the job, not Plaintiff. Amended Compl. ¶ 25. Because Plaintiff's wife is not a party to this lawsuit, and because the Amended Complaint is silent as to any First Amendment protected activity engaged in by Plaintiff, Borough Defendants' motion will be granted and this claim will be dismissed without prejudice.

    2.    <u>Fourteenth and Fourth Amendments (relating to arrest and prosecution)</u>

Borough Defendants next argue that Plaintiff's Amended Complaint fails to plead any interest protected by the substantive due process clause of the Fourteenth Amendment and that, to the extent he alleges a false arrest claim, such a claim is not properly pled via the Fourteenth Amendment. See Doc. 10-1 at 4. Borough Defendants

further argue that Plaintiff failed to plead that he received constitutionally inadequate process. Id. Plaintiff counters that he "is not asking the Court to recognize an independent substantive due process right under the Fourteenth Amendment," but rather he "is asking the Court to enforce procedural due process rights guaranteed by the Fourteenth Amendment with respect to substantive rights guaranteed by the Fourth Amendment." Doc. 21 at 10-11.

Borough Defendants' argument is to some degree a matter of semantics. They are correct that Plaintiff has not properly pled a claim under the Fourteenth Amendment. The Fourteenth Amendment states in pertinent part that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Cont. amend. XIV § 1. "Under the [F]ourteenth [A]mendment, a state may not authorize the deprivation of a protected liberty or property interest without providing a procedure in connection with that deprivation that meets the requirements of due process." Sample v. Diecks, 885 F.2d 1099, 1114 (3d Cir. 1989) (citations omitted). In order to state a cognizable section 1983 claim for violation of the right to procedural due process, a complaint "must allege that (1) [the plaintiff] was deprived of an individual interest that is encompassed with in the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to [the plaintiff] did not provide 'due process of law.'" Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)). If the court concludes that the plaintiff asserted a protected interest, "it must then decide whether the state provided the plaintiff with procedures that afforded him due process of law." Renchenski v. Williams, 655 F.3d 315, 325 (3d Cir. 2010).

However, a pretrial deprivation of liberty that is related to a criminal proceeding is not properly addressed through procedural due process under the Fourteenth Amendment, but through the Fourth Amendment. See Crouse v. South Lebanon Twp., 668 F.Supp.2d 664, 674 (M.D. Pa. 2009) (citing Robinson v. Clemons, 987 F.Supp. 280, 285 (D. Del. 1998), aff'd, 193 F.3d 514 (3d Cir. 1999)); see also Albright v. Oliver, 510 U.S. 266, 274-75 (1994) (precluding substantive due process claim when allegations complained of pretrial deprivation of liberty); Pino v. Higgs, 75 F.3d 1461, 1469 (10th Cir. 1996) (extending reasoning of Albright to procedural due process context). As the Supreme Court has stated, the Fourth Amendment "was tailored specifically for the criminal justice system, and its balance between individual and public interests always has been thought to define the 'process that is due' for seizures of persons or property in criminal cases." Gerstein v. Pugh, 420 U.S. 103, 125 n.27 (1975). Because a Fourteenth Amendment procedural due process claim is an inappropriate vehicle by which to seek vindication for a purportedly unlawful arrest, I will grant Borough Defendants' motion to dismiss Plaintiff's Fourteenth Amendment due process claims without prejudice.

The implication of this analysis, however, is that Plaintiff has alleged a colorable claim under the Fourth Amendment for false arrest, false imprisonment, and malicious prosecution. Borough Defendants do not explicitly move to dismiss Plaintiff's Fourth Amendment claims, nor does their argument extend to such claims. Therefore, Borough Defendants' motion will be denied as to these Fourth Amendment claims.

To the extent Plaintiff's Amended Complaint asserts a procedural due process claim under the Fourth Amendment, such a claim fails. The Amended Complaint alleges

that Plaintiff was unlawfully arrested, that the charges against him were subsequently dismissed, and that he suffered damages as a result of his arrest. See Amended Compl. ¶¶ 11, 14, 16-17. The Amended Complaint does not identify the procedures that were available or how any such procedures were constitutionally inadequate – the second prong of a cognizable section 1983 claim for violation of the right to procedural due process. See Hill, 455 F.3d at 233-34. Therefore, I will grant the motion as to any Fourth Amendment procedural due process claim, and any such claim will be dismissed without prejudice.

        3.      <u>Fourth Amendment (relating to excessive force) and state law assault and battery</u>

Borough Defendants argue that Plaintiff failed to properly plead a Fourth Amendment excessive force claim, as well as state law claims of assault and battery. See Doc. 10-1 at 5-6. As previously noted, Plaintiff has withdrawn these claims. See Doc. 21 at 11. Accordingly, Borough Defendants' motion in this regard will be granted and these claims will be dismissed with prejudice.

**B.**    <u>**Second and Third Causes of Action: Other State Law Claims**</u>

Borough Defendants also move to dismiss other supplemental state law claims asserted by Plaintiff in the Second and Third Causes of Action – specifically, intentional infliction of emotional distress as to all Defendants in the Second Cause of Action, and abuse of process as to Defendant Fentner in the Third Cause of Action. See Doc. 10-1 at 7-9. Plaintiff has withdrawn his claims of intentional infliction of emotional distress, both generally and as to Defendant McGowan specifically. See Doc. 21 at 12(C) &13(F).

Plaintiff has also withdrawn his abuse of process claim. See id. at 12(D). Accordingly, Borough Defendants' motion in this regard will be granted and these claims will be dismissed with prejudice.[4]

### C.   Fourth Cause of Action: Conspiracy

Borough Defendants also move to dismiss Plaintiff's Fourth Cause of Action for failing to properly plead a conspiracy claim. See Doc. 10-1 at 6-7. Plaintiff asserts this claim under Pennsylvania law. See Doc. 20 at 11-12. In order to state a cause of action for civil conspiracy, a complaint must allege (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose, (2) an overt act done in furtherance of the common purpose, and (3) actual legal damage. McGuire v. Shubert, 722 A.2d 1087, 1092 (Pa. Super. 1998). Additionally, "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." Pelagatti v. Cohen, 536 A.2d 1337, 1342 (Pa. Super. 1987).

Here, the Amended Complaint alleges that Defendant Fentner improperly communicated with Defendants Duffey and Hill regarding Plaintiff's FEMA Application, and that Defendant Fentner arrested and charged Plaintiff improperly. See Amended Comp. ¶¶ 26-31. Similarly, in arguing that he has sufficiently alleged a civil conspiracy,

---

[4] Plaintiff's withdrawal of his state law claims of intentional infliction of emotional address and abuse of process does not affect his state law claims of false arrest, false imprisonment and malicious prosecution as set forth in the Second and Third Causes of Action, nor do Borough Defendants explicitly seek to dismiss these claims. Therefore, Plaintiff's state law claims for false arrest, false imprisonment and malicious prosecution remain, just as they do in the context of the Fourth Amendment as discussed previously.

Plaintiff states: "In this case, Plaintiff has alleged that Defendant Fentner communicated illegally with Defendants, Duffey and Hill, regarding Plaintiff's FEMA Application," and "Defendant Fentner arrested Plaintiff in a vexatious and bad faith manner and in violation of his civil rights." Doc. 21 at 12. Thus, although the Amended Complaint states that Fentner communicated with FEMA employees regarding Plaintiff, it fails to allege that the FEMA employees acted improperly in the investigation, arrest and prosecution of Plaintiff. Because there is no allegation of an unlawful common purpose as among Fentner and the FEMA employees, Plaintiff has failed to state a valid conspiracy claim involving these actors. Therefore, the motion will be granted in this respect, and the conspiracy claim as between Fentner and the FEMA employees will be dismissed without prejudice. See Great W. Mining & Mineral Co. v. Fox Rothschild, LLP, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred.").

However, the Amended Complaint also avers that "Defendant Francis X. Taraschi, Sr. conspired with Fentner[] and others to exact [sic] the FEMA relocation grant stating that if Plaintiff did not pay all the FEMA relocation grant to Taraschi, Tarachi [sic] would 'make Plaintiff's life a living hell.[']" Amended Comp. ¶ 46. Although Taraschi has been dismissed as a Defendant, see Doc. 12, it does not follow that Plaintiff is barred from relying on a conspiracy that may have existed as between Taraschi and Fentner in proving his claim. Because the Amended Complaint sufficiently alleges that Taraschi and Fentner acted with a common purpose to harm Plaintiff, Borough Defendants' motion to dismiss the Fourth Cause of Action will be denied.

11

### D. Plaintiff's Monell Claim

Lastly, Borough Defendants move to dismiss the Amended Complaint to the extent it fails to properly plead a cause of action against the Borough of Downingtown. See Doc. 10-1 at 9-11. Plaintiff counters that the Amended Complaint properly sets forth a cause of action for municipal liability. See Doc. 21 at 12-13.

A municipality cannot be liable under a theory of respondeat superior. Monell v. Dept. of Soc. Svcs., 436 U.S. 658, 694 (1978). Rather, to establish municipal liability under section 1983, a plaintiff must demonstrate that the municipality itself, through the implementation of a policy or custom, caused an underlying constitutional violation. See id. at 690-91. "'Policy' includes official proclamations made by a municipal decisionmaker with final authority, and 'custom' is defined as 'practices of state officials . . . so permanent and well settled as to virtually constitute law.'" Kelly v. Borough of Carlisle, 622 F.3d 248, 263 (3d Cir. 2010) (citing Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000)). As the Third Circuit has explained, municipalities may be vicariously liable under section 1983 for the torts of their employees only if (1) the individual employee acted pursuant to a formal government policy or standard procedure long accepted within the government entity, (2) the individual actor has final policy-making authority such that his conduct represents official policy, or (3) a final policy-maker renders the individual's conduct official for liability purposes by delegating to him the authority to act or speak for the government, or by subsequently ratifying the conduct or speech. Hill v. Borough of Kutztown, 455 F.3d 225, 245 (3d Cir. 2006).

Here, Plaintiff asserts a claim against the Borough of Downingtown in Count One of the Amended Complaint, averring that the Borough "encouraged, tolerated, ratified and has been deliberately indifferent" to several patterns, practices and customs related to police conduct, "and to the need for more or different training, supervision, investigation or discipline" of police officers. Amended Comp. ¶¶ 21-23. Plaintiff links these formulaic recitals of the elements of a Monell action with specific reference to the actions of Defendant Fentner against Plaintiff, averring that the Borough's failure "to properly sanction or discipline officers" for knowingly violating or assisting in the violation of citizens' constitutional rights encourages Borough police officers "to violate the rights of individuals." Id. ¶ 22.

Even were the aforementioned averments deemed sufficient to allege the existence or absence of a specific policy and a causal nexus between the policy (or lack thereof) and Plaintiff's alleged constitutional violations, the Amended Complaint fails to identify a policy maker with final decision-making authority to effectuate such a policy or who would be responsible for the lack of any such policy, nor does it allege that a pattern of similar constitutional violations has occurred in the Defendant Borough. In the only reference to any potential policymakers, the Amended Complaint alleges that Chief McGowan had to authorize Defendant Fentner's access to Plaintiff's FEMA application, and that there was no such authorization. Amended Compl. ¶¶ 27-29. However, there is no allegation that Chief McGowan or any other Borough policymaker did or refrained from doing anything unlawful or pursuant to any unlawful policy. Because the Amended Complaint fails to properly plead the existence of a policy maker or custom, the Monell

13

claim asserted in Count One of the Amended Complaint will be dismissed without prejudice. See, e.g., Stevens v. Telford Borough, No. 11-7216, 2013 WL 2292047, at *3 (E.D. Pa. May 23, 2013) (Jones, J.) (Monell claim survives dismissal if plaintiff pleads existence of policy or lack thereof, a policy maker that effectuated said policy, and a constitutional violation whose "moving force" is the policy in question) (citing Monell, 436 U.S. at 694).

### E. Chief McGowan

Chief McGowan is listed in the caption of the Amended Complaint, but is identified only with respect to the claim that Defendant Fentner failed to obtain Chief McGowan's authorization before accessing Plaintiff's FEMA application. Amended Compl. ¶¶ 27-29. It is therefore unclear what claims Plaintiff attempted to assert against Chief McGowan. As previously noted, Plaintiff has voluntarily withdrawn his claim of intentional inflection of emotional distress against Chief McGowan. See Doc. 21 at 12. In the absence of any allegation of wrongful conduct by Chief McGowan, all other claims against him are dismissed without prejudice.

### IV. CONCLUSION

Borough Defendants' motion to dismiss Plaintiff's Amended Complaint will be granted in part and denied in part. The motion will be granted in the following respects. Plaintiff has withdrawn his federal excessive force claim and his supplemental state law claims for assault, battery, intentional infliction of emotional distress and abuse of process, and therefore those claims will be dismissed with prejudice. All claims against Defendant McGowan, as well as the Monell claim asserted against the Borough, will be

dismissed without prejudice. Plaintiff's federal civil rights claims under the First and Fourteenth Amendments, as well as any procedural due process claim under the Fourth Amendment, will be dismissed without prejudice. The civil conspiracy claim will be dismissed without prejudice insofar as it alleges a conspiracy between Fentner and FEMA employees Duffey and Hill.

Borough Defendants' motion will be denied as to the Fourth Amendment (First Cause of Action), as to supplemental state law claims against Defendant Fentner for false arrest, false imprisonment and malicious prosecution (Second and Third Causes of Action), and as to the claim of civil conspiracy (Fourth Cause of Action) insofar as it alleges a conspiracy between Fentner and Taraschi.

As previously noted, Plaintiff filed a Second Amended Complaint which was stricken because Plaintiff failed to obtain consent of the Defendants or leave of court. See Docs. 13 & 14. Because the basis for striking the Second Amended Complaint was procedural rather than substantive, Plaintiff will be given leave to file a Third Amended Complaint in which he may attempt to cure the deficiencies identified in this Memorandum with respect to parties and claims dismissed without prejudice.

An appropriate Order follows.