IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH W. LONG, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF DOWNINGTOWN, et al. | : | NO. 13-3921 |

**FILED**

MAY 23 2014

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                           May 23, 2014

        In this civil rights action, Plaintiff brings claims of false arrest, excessive force,

unlawful search and seizure, malicious prosecution, and related state law claims, as well

as conspiracy, against the Borough of Downingtown, Police Chief James McGowan, and

Patrol Officer (formerly Detective) Pamela Fentner (collectively "Borough Defendants"),

and Federal Emergency Management Agency ("FEMA") employees Bruce Hill and Scott

Duffey.[1]  Presently before the court are three motions to which Plaintiff has failed to

respond: (1) Defendant Hill's motion to dismiss the Third Amended Complaint (Doc.

36), (2) Borough Defendants' motion to dismiss Plaintiff's Third Amended Complaint

(Doc. 37), and (3) Borough Defendants' motion for sanctions (Doc. 38).  In addition,

Borough Defendants have filed a motion for dismissal for failure to prosecute pursuant to

Federal Rule of Civil Procedure 41(b).  See Doc. 40.  For the reasons discussed below,

the motions to dismiss will be granted as unopposed, the motion for sanctions will be

---

[1] Plaintiff previously withdrew claims against Defendant Francis X. Taraschi, Sr.
See Docs. 11 & 12.  It is unclear whether service was ever effectuated on Defendant
Duffey, who is not represented in this matter and did not file or join any motions.

denied, and the motion for dismissal for failure to prosecute will be dismissed without prejudice as moot.

## I.    PROCEDURAL HISTORY

As more fully set forth in my memorandum addressing the Borough Defendants' prior motion to dismiss, Plaintiff previously filed an Amended Complaint in this matter asserting four causes of action.[2] The First Cause of Action sought relief against the individual and municipal defendants pursuant to 42 U.S.C. § 1983 arising from Defendants' actions, committed under color of state law, which allegedly deprived Plaintiff "of his right to be free from unreasonable and excessive force, and unlawful search and seizure, unlawful arrest, malicious prosecution, to be secure in his person and property and to due process of law" in violation of the First, Fourth and Fourteenth Amendments. Amended Compl. (Doc. 2) ¶¶ 19, 21. The Second Cause of Action asserted supplemental state law claims against the individual defendants for assault, battery, false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress. Id. ¶ 33. The Third Cause of Action asserted the identical supplemental state law claims, as well as abuse of process, against Fentner individually, and also alleged that Fentner's actions were willful, reckless and malicious. Id. ¶¶ 35-36. The Fourth Cause of Action asserted a civil conspiracy claim against all individual defendants. Id. ¶¶ 38-46.

Borough Defendants moved to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted, see Doc. 10, and in response to the motion,

---

[2] I will not repeat the factual background of the case, which is set forth in my prior memorandum. See Doc. 29 at 1-3.

2

Plaintiff withdrew his federal and state law claims of excessive force and assault and battery, as well as his claims for intentional infliction of emotional distress and abuse of process. See Doc. 21 at 11-13.[3]

By Memorandum and Order dated January 31, 2014, I granted in part and denied in part the Borough Defendants' motion to dismiss the Amended Complaint. See Docs. 29 & 30. I dismissed with prejudice all of the claims Plaintiff had withdrawn, and I dismissed without prejudice several additional claims. Specifically, I dismissed without prejudice all claims against Defendant McGowan, as well as the Monell claim asserted against the Borough; Plaintiff's federal civil rights claims under the First and Fourteenth Amendments, as well as any procedural due process claim under the Fourth Amendment; and the civil conspiracy claim insofar as it alleged a conspiracy between Fentner and FEMA employees Duffey and Hill. I denied the Borough Defendants' motion as to the Fourth Amendment (First Cause of Action), as to supplemental state law claims against Defendant Fentner for false arrest, false imprisonment and malicious prosecution (Second and Third Causes of Action), and as to the claim of civil conspiracy (Fourth Cause of Action) insofar as it alleged a conspiracy between Fentner and Taraschi. Lastly, I granted Plaintiff leave to file a Third Amended Complaint in which he could attempt to cure the deficiencies identified with respect to the claims dismissed without prejudice.[4]  See id.

---

[3] Page numbers refer to the ECF pagination.

[4] Plaintiff had previously filed a Second Amended Complaint, attempting to add Plaintiff's wife as a Plaintiff, as well as additional claims and allegations. See Doc. 13. The Honorable William H. Yohn (to whom the case was assigned prior to the parties consenting to proceed before me) issued an Order striking the Second Amended Complaint for failing to obtain Defendants' consent or leave of court. See Doc. 14.

Plaintiff filed his Third Amended Complaint on February 21, 2014, under the title "Complaint," and re-filed it five days later with the title "Third Amended Complaint." See Docs. 33, 35. Except for the title, both of these filings are absolutely identical to the Amended Complaint which had been the subject of my Memorandum and Order dated January 31, 2014.[5]

On February 28, 2014, Defendant Hill filed a motion to dismiss Plaintiff's Third Amended Complaint seeking the dismissal with prejudice of all claims asserted against Hill under Federal Rule of Civil Procedure 12(b)(2) (lack of personal jurisdiction), 12(b)(5) (insufficient service of process) and 12(b)(6) (failure to state a claim upon which relief can be granted). See Doc. 36.[6] On March 4, 2014, Borough Defendants also filed a motion to dismiss the Third Amended Complaint, arguing that it be dismissed pursuant to Rule 12(b)(6), as well as a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. See Docs. 37 & 38. Plaintiff never responded to these motions and did not seek leave of court for an extension of time to respond. On May 16, 2014, Borough Defendants filed a motion for dismissal for failure to prosecute. See Doc 40. The time in which to respond to this motion has not yet expired.

---

[5]Plaintiff has not even proofread his new pleading, incorporating grammatical errors from the prior version of his complaint. See Docs. 2 & 35 ¶¶ 24 & 36 (both alleging that Fentner initiated the action against Plaintiff "in an arbitrary, vexatious, and in bad faith," and alleging "malicious persecution").

[6] Hill filed his motion to dismiss before the Clerk's Office docketed Plaintiff's correctly entitled "Third Amended Complaint," and therefore Hill re-filed his motion to dismiss in order to direct it to the Third Amended Complaint. See Docs. 34 & 36 n.1.

## II.   DEFENDANTS' MOTIONS TO DISMISS

### A.   Borough Defendants' Motion to Dismiss (Doc. 37)

On March 4, 2014, Borough Defendants filed their motion, arguing that because the Third Amended Complaint is identical to the prior Amended Complaint, it "should be dismissed to the same extent as Ordered by the Court on January 31, 2014." Doc. 37-1 at 3.[7] Plaintiff's response was due on or before March 18, 2014. See Local R. Civ. P. 7.1(c) (requiring a party opposing a non-summary judgment motion to serve his brief in opposition within fourteen days after service of the motion and supporting brief). Plaintiff has not responded to the Borough Defendants' motion, nor has he requested additional time to do so.

I set forth the standards applicable to a motion to dismiss pursuant to Rule 12(b)(6) in the prior Memorandum. However, in that Plaintiff has added nothing whatsoever to the prior version of his complaint, I need not address the sufficiency of his pleading under those standards, as to do so would in essence be a reconsideration of that Memorandum which has not been requested. Under these circumstances, I will grant the Borough Defendants' motion as unopposed. See Local R. Civ. P. 7.1(c) ("In the absence of a timely response, the motion may be granted as uncontested except as provided under [the Federal Rule of Civil Procedure governing summary judgment motions]."); see also

---

[7] Indeed, except for noting that Plaintiff's Third Amended Complaint is identical to his prior Amended Complaint, Borough Defendants' present motion to dismiss is identical to its motion to dismiss the Amended Complaint. Compare Docs. 10-1 & 37-1. Therefore, the claims that survived the prior motion to dismiss remain open and must now be answered.

Celestial Cmty. Dev. Corp. v. City of Phila., 901 F. Supp. 2d 566, 578 (E.D. Pa. 2012)

(Gardner, J.) ("To put it simply: plaintiffs who fail to brief their opposition to portions of

motions to dismiss do so at the risk of having the motions to dismiss granted as

uncontested."); Nelson v. DeVry, Inc., Civ. No. 07-4436, 2009 WL 1213640, *10 (E.D.

Pa. April 23, 2009) (Jones, J.) ("Failure to address even part of a motion in a responsive

brief may result in that aspect of the motion being treated as unopposed."); Smith v.

National Flood Ins. Program of the Fed. Emergency Mgmt. Agency, 156 F. Supp. 2d.

520, 522 (E.D. Pa. 2001) (Robreno, J.) (granting motion to dismiss as unopposed with

respect to claim plaintiff failed to address).

The question next arises whether the claims previously dismissed without

prejudice should now be dismissed with prejudice. "Although the grant of a motion to

dismiss is usually without prejudice, a District Court may exercise its discretion and

refuse leave to amend if such amendment would be futile, particularly when a plaintiff

has had multiple opportunities to improve the pleadings." Henry v. City of Allentown,

Civ. No. 12-1380, 2013 WL 6409307, *2 (E.D. Pa. Dec. 9, 2013) (Schmehl, J.) (citing In

re: Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434-35 (3d Cir. 1997)). Here,

except for the title, Plaintiff's Third Amended Complaint is identical to the Amended

Complaint which had been the subject of the Borough Defendants' prior motion to

dismiss, which I had granted in part and denied in part as previously explained. Thus,

Plaintiff made no attempt to address the deficiencies I previously identified as to claims

dismissed without prejudice. In fact the Third Amended Complaint even includes all of

the claims which Plaintiff had previously withdrawn and which I had therefore dismissed

6

with prejudice. Under the circumstances, I conclude that allowing Plaintiff the opportunity to amend his complaint yet again would be futile. See, e.g., In re New Jersey Title Ins. Litig., 683 F.3d 451, 462 (3d Cir. 2012) (District Court did not abuse its discretion by dismissing action with prejudice on grounds that leave to amend would be futile); Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile"); Trout v. Wentz, Civ. No. 10-0439, 2011 WL 1842743, *2 (M.D. Pa. May 16, 2011) ("Because plaintiffs have filed a proposed amended complaint virtually identical to the original – and have therefore not cured the defects [previously identified] – their motion for leave to amend will be denied on the basis of futility and the case will be dismissed.").

## B.  Defendant Hill's Motion to Dismiss (Doc. 36)

Hill filed his motion to dismiss on February 28, 2014, see Doc. 36, making Plaintiff's response due on or before March 14, 2014 under Local Rule 7.1(c). Plaintiff did not file a response to the motion before the fourteen-day deadline, did not seek leave to respond to the motion out of time, and to date has never responded to the motion in any way. Hill has requested that his motion be granted as unopposed, by letter dated April 15, 2014, which was copied to Plaintiff's counsel and subsequently docketed. See Doc. 39. In that letter Hill also represents that Plaintiff's counsel did not contact him to request an extension.

7

Unlike the Borough Defendants, this is Hill's first motion to dismiss, so Plaintiff's

pleading has not previously been addressed by the court with respect to the claims against

Hill.⁸ Nonetheless, the initial question is whether the motion should be granted as

unopposed. Although my prior order was not directed to the claims against Hill,

Plaintiff's utter failure to submit any response to the motion is inexplicable. Two full

months have passed beyond the due date for Plaintiff's response and still no response of

any kind has been received. Furthermore, counsel for Hill alerted Plaintiff to one of the

grounds raised in Hill's motion, specifically failure of proper service, months before the

current motion.⁹ Under these circumstances, I will grant the motion as unopposed under

the same authority as cited as to the Borough Defendants' motion, and for the same

reasons the dismissal will be with prejudice.¹⁰

---

⁸Hill did not respond to the Amended Complaint, and therefore his motion to dismiss the Third Amended Complaint is his first responsive pleading. In light of questions as to whether Hill had been properly served, I granted him until February 12, 2014, to respond to the Amended Complaint, and I then extended that deadline in light of the anticipated filing of the Third Amended Complaint. See Docs. 28, 31.

⁹On October 18, 2013, counsel entered a limited entry of appearance on behalf of Hill, stating inter alia that Hill had not received proper service. See Doc. 17. Following a teleconference with counsel, Plaintiff was directed to serve all parties by November 15, 2013. The docket contains no record of service on Hill, and Plaintiff has not alleged service.

¹⁰ Even if I were not to grant Hill's motion to dismiss as unopposed, I would nonetheless grant the motion on the merits. One of the grounds for dismissal raised in Hill's motion is insufficient service pursuant to Rule 12(b)(5). In order to bring an action against an individual federal employee such as Hill, a plaintiff must properly serve the individual employee personally, the United States Attorney, and the Attorney General. See Fed. R. Civ. P. 4(i)(1)(A)-(B) & 4(i)(3). As noted in the previous footnote, Hill's counsel raised the issue of insufficient service, and Plaintiff's time to effect service was extended to November 15, 2013. The docket contains no indication that the Amended Complaint or the Third Amended Complaint were ever served on Hill, no evidence of

In sum, I will grant Borough Defendants' motion as unopposed and Plaintiff will not be given leave to file a Fourth Amended Complaint on grounds of futility. I will again dismiss with prejudice the claims which Plaintiff previously withdrew, and I will dismiss with prejudice all of the claims previously dismissed without prejudice (which include all claims against Chief McGowan). Furthermore, because Borough Defendants seek dismissal of the conspiracy claim set forth in the Fourth Cause of Action, and because the motion is uncontested, the Fourth Cause of Action will also be dismissed with prejudice. However, Borough Defendants' motion to dismiss does not seek dismissal of the remaining claims which survived the prior motion – namely, the Fourth Amendment claim (First Cause of Action) and supplemental state law claims against Defendant Fentner for false arrest, false imprisonment and malicious prosecution (Second and Third Causes of Action). As a result, those claims remain open and must be answered.

---

such service has been provided to the court, and given Plaintiff's failure to respond to the motion, there is not even an allegation of proper service. According to counsel for Hill, Plaintiff attempted to serve Hill via e-mail and by leaving an unsecured package at the front desk of a FEMA facility in Washington, D.C. See Doc. 34 at 12. These methods are not proper service. See Fed. R. Civ. P. 4(e); Doyle v. United States Dep't of Justice, 1995 WL 412406, *4 (E.D. Pa. July 7, 1995) ("Service of the complaint to defendant's place of business, while sufficient to establish jurisdiction over him in his official capacity, is not sufficient to establish jurisdiction in an individual capacity.") Similarly, although Plaintiff's counsel represented to the Court and counsel during a December 12, 2013 teleconference that he served the Attorney General by certified mail, Plaintiff has never filed any proof of such service, and in any event he has apparently never attempted to serve the United States Attorney. Given this additional bases for dismissal, it is not necessary to address Hill's motion pursuant to Rule 12(b)(2) or (6).

9

## III.   BOROUGH DEFENDANTS' MOTION FOR SANCTIONS (DOC. 38)

### A.   Standard of Review

Borough Defendants move for sanctions pursuant to Federal Rule of Civil

Procedure 11, which states in relevant part:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) The claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Rule 11 provides for sanctions "[i]f, after notice and a reasonable

opportunity to respond, the court determines that Rule 11(b) has been violated . . . ." Id.

11(c).  Rule 11 sanctions are based on "an objective standard of reasonableness under the

circumstances." Landon v. Hunt, 938 F.2d 450, 452 (3d Cir. 1991) (quoting Mary Ann

Pensiero, Inc. v. Lingle, 847 F.2d 90, 94 (3d Cir. 1988)).  Additionally, Rule 16 provides

that "[o]n motion or on its own, the court may issue any just orders . . . if a party or its

attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).

Beyond these express grants of discretionary power to levy sanctions, federal courts retain an inherent power to sanction in the interest of justice "for conduct not rising to the level of contempt." See Rorrer v. Cleveland Steel Container, No. 12-1427, 2014 WL 1677101, at *2 (3d Cir. Apr. 29, 2014) (quoting In re Cendent Corp., 260 F.3d 183, 199 ((3d Cir. 2001)); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (inherent power to sanction governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

## B.    Discussion

In their motion for sanctions, Borough Defendants argue that sanctions are appropriate because Plaintiff filed a Third Amended Complaint which was identical to the Amended Complaint addressed in the Court's Memorandum and Order dated January 31, 2014, granting in part and denying in part the Borough Defendants' prior motion to dismiss. In that prior Order, I dismissed certain actions and parties with prejudice, but gave Plaintiff leave to amend other claims which were dismissed without prejudice due to specified deficiencies. See Docs. 29 & 30. Because Plaintiff thereafter filed a Third Amended Complaint in which he changed only the title, Borough Defendants argue that Plaintiff has caused them to incur needless litigation costs and has in effect wasted the court's time. Plaintiff has not filed a response to the motion and is now well out of time to do so.

11

As previously explained, I have determined that Defendants' motions to dismiss should be granted as unopposed, and that all claims and parties previously dismissed without prejudice will now be dismissed with prejudice. Because this determination results in the dismissal with prejudice of the majority of Plaintiff's case, I find that it constitutes sufficient sanction for Plaintiff's ill-advised decision to refile the identical, seriously deficient amended complaint addressed in my Memorandum and Order dated January 31, 2014. See Docs. 29 & 30. Therefore, I will deny Borough Defendants' motion for sanctions.

## IV.   BOROUGH DEFENDANTS' MOTION FOR DISMISSAL FOR FAILURE TO PROSECUTE

On May 16, 2014, Borough Defendants filed a motion for dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Doc. 40. Rule 41(b), entitled "Involuntary Dismissal; Effect," provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The decision to dismiss for failure to prosecute rests in the sound discretion of the district. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (citing Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 870 (3d Cir. 1994)).

In their memorandum, Borough Defendants explain that Plaintiff made no attempt to remove claims and parties previously dismissed with prejudice or to cure the deficiencies identified in claims previously dismissed without prejudice, and that Plaintiff has not withdrawn the Third Amended Complaint, has not responded to any of the motions to dismiss, has not sought leave from counsel to file an untimely response, and

12

has not sought leave from the court to do so. See Doc. 40-1 at 3. These reasons informed

my decision to grant both pending motions to dismiss as unopposed, and for declining to

give Plaintiff the opportunity to file yet another amended complaint. Therefore, even

though Plaintiff has not yet responded to the motion, I will dismiss it without prejudice as

moot.[11]

## V.   **CONCLUSION**

Defendant Hill's motion to dismiss Plaintiff's Third Amended Complaint will be

granted as unopposed and all claims against Defendant Hill will be dismissed with

prejudice. Similarly, Borough Defendants' motion to dismiss will be granted as

unopposed and all claims previously dismissed without prejudice will now be dismissed

with prejudice. In addition, the conspiracy claim set forth in the Fourth Cause of Action

will be dismissed with prejudice. Because I previously gave Plaintiff leave to file a Third

Amended Complaint to attempt to cure the deficiencies identified in my Memorandum

granting in part and denying in part Borough Defendants' motion to dismiss the

Amended Complaint – an attempt Plaintiff failed by filing an identical Amended

Complaint with a different title – Plaintiff will not be given leave to file a Fourth

---

[11] In the memorandum submitted in support of the motion to dismiss for failure to prosecute, Borough Defendants additionally argue that Plaintiff's Third Amended Complaint lacks merit with regard to his Fourth Amendment claim against Fentner because Fentner had probable cause to arrest Plaintiff, and that Fentner is otherwise protected by the doctrine of qualified immunity. See Doc. 40-1 at 6-7. As previously noted, Borough Defendants did not explicitly seek dismissal of the Fourth Amendment claim (First Cause of Action) or the supplemental state law claims against Fentner for false arrest, false imprisonment and malicious prosecution (Second and Third Causes of Action), in either their motion to dismiss the Amended Complaint or in the present motion to dismiss the Third Amended Complaint. Thus, the merits-based arguments presented in Borough Defendants' memorandum more properly belong in the answer Borough Defendants must now file in response to the Third Amended Complaint.

Amended Complaint on grounds of futility. Borough Defendants' motion for dismissal for failure to prosecute will be dismissed without prejudice as moot.

As a result, the only claims remaining are those brought under the Fourth Amendment (First Cause of Action), in which Defendant Fentner is the only remaining defendant, and supplemental state law claims against Defendant Fentner for false arrest, false imprisonment and malicious prosecution (Second and Third Causes of Action). The dismissal with prejudice of all other claims and parties constitute sufficient sanction for Plaintiff having filed a Third Amended Complaint identical to his prior Amended Complaint, and therefore Borough Defendants' motion for sanctions will be denied.

An appropriate Order follows.

14